IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES BOYD | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2357-D |
| | § | |
| TONY MOORE | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

James Boyd, an inmate confined at the Red Onion State Prison in Pound, Virginia, has filed

a form section 2254 habeas petition naming an individual identified as "Tony Moore" as respondent.

The court notes that petitioner does not come close to satisfying the requirements of the Rules

Governing Section 2254 Cases. Not only has petitioner failed to answer most of the questions on

the court-approved form, but he provides no information about the underlying state court judgment

and does not specify any grounds for relief or facts supporting any potential claims. *See* RULES

GOVERNING SECTION 2254 CASES, Rules 2(b) & (c). Nor would this court have jurisdiction to

adjudicate a habeas petition challenging a conviction from a Virginia court. *See* 28 U.S.C. § 2241(d)

(application for a writ of habeas corpus must be filed in the federal district court for the district

wherein the petitioner is in custody or where the state court that convicted and sentenced petitioner

is located).

Based on prior filings by petitioner in other cases, it appears that this is yet another attempt

to sue Virginia prison officials for alleged violations relating to the conditions of his confinement.

Recently, this court prohibited petitioner, who is "three-strikes" barred under the PLRA,[1] from filing

any civil action to which the PLRA applies "without prepaying the requisite filing fee or making a

showing of imminent danger of serious physical injury." *Boyd v. Sweeney*, No. 3-11-CV-0747-D,

Doc. #9 (N.D. Tex. Jun. 29, 2011). No such showing has been made here. Accordingly, this case

should be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## RECOMMENDATION

This case should be construed as a non-habeas action and summarily dismissed without

prejudice under the "three strikes" provision of the PLRA, 28 U.S.C. § 1915(g).

A copy of this report and recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] As noted by the court in one of petitioner's prior lawsuits, a review of the U.S. Party and Case Index reveals that he has filed more than 40 lawsuits in the United States District Court for the Western District of Virginia. *See Boyd v. Shelton*, No. 3-08-CV-1520-P, 2008 WL 4539548 at *2 n.1 (N.D. Tex. Oct. 8, 2008), *citing* http://pacer. uspci.uscourts.gov/cgi-bin/dquery.pl. In addition, at least four prior actions brought by petitioner in this district have been dismissed under the "three strikes" provision of the PLRA. *See Boyd v. Sweeney*, No. 3-11-CV-0747-D (N.D. Tex. Jun. 29, 2011); *Shelton*, 2008 WL 4539548; *Boyd v. Kasper*, No. 3-06-CV-2159-B, 2007 WL 30069 (N.D. Tex. Jan. 3, 2007); *Boyd v. Phipps*, No. 3-06-CV-2095-G, 2006 WL 3635590 (N.D. Tex. Dec. 13, 2006).

DATED:  September 16, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE